UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID JOSHUA SHEPARD,<br><br>     Plaintiff,<br> v.<br><br>NATHAN RYNNING and US BANK NATIONAL ASSOCIATION,<br><br>     Defendants. | CASE NO. 2:22-cv-01331-TL<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

   This matter comes before the Court on its own motion. On September 20, 2022, Plaintiff David J. Shepard filed an application to proceed *in forma pauperis* (Dkt. No. 1) with a proposed complaint (Dkt. No. 1-1) against Defendants U.S. Bank National Association and Nathan Rynning (U.S. Bank branch manager for the Rainier Valley branch). Plaintiff Shepard is bringing this case without an attorney (in other words, *pro se*). *See* Dkt. No. 1-1. Having reviewed Plaintiff's complaint, the Court DISMISSES it without prejudice.

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 1

The Court has authority to grant *in forma pauperis* status but is subject to the requirements of 28 U.S.C. § 1915, which requires dismissal of *in forma pauperis* complaints that fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Messaad v. Cnty. of Washoe*, 710 F. App'x 294, 295 (9th Cir. 2018) (citing *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)) (en banc) ("§ 1915(e) applies to all in forma pauperis complaints").

Federal courts are courts of limited jurisdiction, meaning that they can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citation omitted), *rehearing denied*, 140 S. Ct. 17. The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (*e.g.*, residents of different states) and the amount in controversy exceeds $75,000 ("diversity question"). *See* 28 U.S.C. §§ 1331, 1332.

Plaintiff alleges that Defendant Rynning refused to correct a bank error causing loss of $7,200 (inclusive of interest) that "he said he could correct and that another branch manager said they could correct, normally, except for note left in file." Dkt. No. 1-1 at 4. Plaintiff also alleges suffering emotional distress, being under "the threat of physical violence," and being denied rights "as a customer of US Bank." *Id*.

Plaintiff has filed a complaint alleging negligence, which arises from state law. *See* Dkt. No. 1-1 at 1, 4. Though Plaintiff used a complaint form that requires proof of diversity jurisdiction, the facts plead do not support a claim based on diversity of citizenship. First, one of the defendants is alleged to have the same state citizenship as Plaintiff. *See id*. at 1–2. Second, the amount in controversy is far below the $75,000 threshold required for diversity jurisdiction; Plaintiff claims to have suffered a loss of approximately $7,200 and also seeks punitive damages

"for emotional pain/suffering, loss of use of account to lower debt, loss of use in general." *Id*. at 4.

This Court liberally construes pleadings filed by *pro se* litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). But a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, No. 19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (citation omitted). The Court is also mindful that "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam), *cert. denied*, 488 U.S. 995).

As the complaint neither raises a federal question nor a diversity question, the Court does not have jurisdiction over this case. Therefore, Plaintiff Shepard's claims are dismissed without prejudice. Plaintiff shall have one more opportunity to file an amended complaint **within thirty (30) days of this Order** (*i.e.*, by November 25, 2022).

Dated this 26th day of October 2022.

Tana Lin
United States District Judge

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 3