UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID JOSHUA SHEPARD,<br><br>                    Plaintiff,<br><br>        v.<br><br>NATHAN RYNNING and US BANK NATIONAL ASSOCIATION,<br><br>                    Defendants. | CASE NO. 2:22-cv-01331-TL<br><br>ORDER GRANTING MOTION TO DISMISS |

The Court, having reviewed Defendants' Motion to Dismiss (Dkt. No. 25) to which Plaintiff has filed no opposition, GRANTS the Motion and DISMISSES this action without leave to amend.

The Court previously explained that this is a Court of limited jurisdiction that may only hear certain kinds of cases. *See* Dkt. No. 10 at 2 (citing *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citation omitted), *rehearing denied*, 140 S. Ct. 17)). The Court explained that to hear Plaintiff's case, he needed to show the Court had subject matter jurisdiction over his claims. *Id.* The Court noted that typically, this would require Plaintiff to

ORDER GRANTING MOTION TO DISMISS - 1

pursue claims arising under federal law or claims arising under state law where the parties were residents of different states and the amount in controversy exceeds $75,000. *Id.* at 2–3. The Court noted that Plaintiff asserted only a state law negligence claim and explained that it lacked subject matter jurisdiction because the Parties were not diverse and the amount in controversy fell far below $75,000. *See id.* The Court granted Plaintiff one further opportunity to cure this defect.

Although Plaintiff has amended his complaint, the Court continues not to have subject matter jurisdiction over this matter. Plaintiff again alleges a single claim of negligence under state law. *See* Dkt. No. 18 (amended complaint). Plaintiff identifies that he is a resident of Washington, as is Defendant Rynning. *See id.*; Dkt. No. 4 (identifying Rynning as a Washington citizen). There is therefore a lack of diversity jurisdiction. *See* 28 U.S.C. § 1332(d). And the amount in controversy continues to be far below the $75,000 threshold. *Id.* Plaintiff again demands $7,200 in damages and treble damages. Dkt. No. 18 at 4. Even with the addition of treble damages, the amount in controversy does not satisfy the minimum. Defendants are therefore correct that Plaintiff's amended complaint fails to satisfy the requirements for diversity jurisdiction and that the Court otherwise lacks subject matter jurisdiction. The Court therefore GRANTS the Motion and DISMISSES the amended complaint (Dkt. No. 18).

Because the Court has granted Plaintiff leave to amend and he has failed to cure the lack of subject matter jurisdiction, the Court finds that any further amendment would be futile. And to the extent that Plaintiff has moved to a different state (*see* Dkt. No. 33), that does not alter the Court's decision for two reasons. First, the Court assesses jurisdiction at the time of the initial complaint was filed and a change in residence after filing does not cure a defect in diversity jurisdiction. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). Second,

even if the parties were diverse, the amount in controversy does not exceed the $75,000 threshold. Further amendment would be futile.

The Court therefore ORDERS the following:

1. This action is DISMISSED WITH PREJUDICE. No further amendments to Plaintiff's complaint will be permitted, and this matter shall be terminated.
2. Plaintiff's pending motions at Dkt. Nos. 20, 29, 31, and 33 will be STRICKEN AS MOOT.

The Clerk is DIRECTED to provide copies of this Order to Plaintiff and all Counsel.

Dated this 21st day of March 2023.

Tana Lin
United States District Judge